IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DS-Rendite Fonds Nr. 108 VLCC Ashna GmbH & Co Tankschiff KG, | §§§ |
| Plaintiff, | § C.A. NO.   15-2386 |
| v. | §§§ IN ADMIRALTY, Rule 9(h) |
| Energy Transportation International Limited, Essar Shipping Limited, Essar Shipping and Logistics Limited, | §§§ |
| Defendants, | §§ |
| and | §§ |
| Essar Energy Overseas Texas, LLC, | §§ |
| Garnishee. | § |

**VERIFIED COMPLAINT WITH REQUEST FOR ISSUE OF
WRITS OF MARITIME ATTACHMENT AND GARNISHMENT**

Plaintiff DS-Rendite Fonds Nr. 108 VLCC Ashna GmbH & Co Tankschiff KG ("DS-Rendite") brings this action against Defendants Energy Transportation International Limited ("ETIL"), Essar Shipping Limited ("ESL"), and Essar Shipping and Logistics Limited ("ESLL") (collectively, "Essar") *quasi in rem* and *in personam* and alleges upon information and belief as follows:

**Jurisdiction and Venue**

1.  This is a case of admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333, and is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves a claim for breach of a maritime charter party contract.

2. Venue is proper in this District because the Garnishee is located and can be found in this District. Defendants Essar cannot be found in this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure ("Rule B").

**The Parties**

3. DS-Rendite, a German company, was at all material times the owner of the vessel M/T ASHNA (the "Vessel") which it chartered to Essar pursuant to a Time Charter Party (the "Time Charter").

4. At all material times, ETIL was and is a company organized and existing under the laws of India. ETIL is not "found" either in this, or in any "convenient adjacent jurisdiction," within the meaning of Rule B.

5. At all material times, ESL was and is a company organized and existing under the laws of India. ESL is not "found" either in this, or in any "convenient adjacent jurisdiction," within the meaning of Rule B.

6. At all material times, ESLL was and is a company organized and existing under the laws of India. ESLL is not "found" either in this, or in any "convenient adjacent jurisdiction," within the meaning of Rule B.

7. The Garnishee, on information and belief, holds property of Essar and can be served with process in this District through a corporate officer or other agent authorized to accept service of process.

**Factual Background**

8. DS-Rendite incorporates the above paragraphs as if fully set forth herein.

9. On or about November 2, 2009, DS-Rendite agreed to charter the Vessel to ETIL pursuant to a Time Charter.

10. Pursuant to a novation agreement entered into on the same date, ESL agreed to assume the obligations of ETIL in the event ETIL defaulted on the Time Charter.

11. On or about October 16, 2014, ESSL guaranteed the obligations of ETIL and ESL arising under the Time Charter and subsequent settlement agreements entered into between DS-Rendite, ETIL, and ESL resulting from ETIL's and ESL's failure to pay charter hire due under the Time Charter.

12. In breach of its obligations under the Time Charter, novation agreement, and settlement agreements, Essar has failed to pay charter hire which is indisputably due and owing.

13. The principal amount due and owing from Essar to DS-Rendite as of August 18, 2015 is USD 10,045,141.00.

14. Beginning August 19, 2015, the amount due and owing from Essar to DS-Rendite increases at a rate of USD 1,581.91 per day.

15. Contractual interest of USD 386,537.03 has accrued through August 18, 2015 and continues to increase thereafter at a rate of USD 1,073.71 per day.

16. Pursuant to the parties' agreements, DS-Rendite is also entitled to recover its costs, which DS-Rendite presently estimates to be USD 75,000.00.

17. Despite repeated demand, Essar has refused to pay.

## Count I – Breach of Maritime Contract

18. DS-Rendite incorporates the above paragraphs as if fully set forth herein.

19. Essar has breached its maritime contract as set out above.

20. Despite repeated demand, DS-Rendite remains unpaid.

21. DS-Rendite therefore demands judgment, as set out more fully below.

## Count II – Maritime Attachment and Garnishment (Rule B)

22. DS-Rendite incorporates the above paragraphs as if fully set forth herein.

23. DS-Rendite seeks issue of process of maritime attachment so that it may obtain security for its claims including its contractual attorneys' fees and costs.   No security for DS-Rendite' claims has been posted by Essar or anyone acting on its behalf to date.

24. Essar cannot be found within this district within the meaning of Rule B, but is believed to have, or will have during the pendency of this action, property and/or assets in this jurisdiction consisting of cash, funds, freight, hire, and/or credits in the hands of the Garnishee in this District.

**WHEREFORE**, DS-Rendite prays:

A. That process in due form of law issue against Defendants Energy Transportation International Limited, Essar Shipping Limited, and Essar Shipping and Logistics Limited, citing them to appear and answer under oath all and singular the matters alleged in the Verified Complaint;

B. That since Defendants Energy Transportation International Limited, Essar Shipping Limited, and Essar Shipping and Logistics Limited cannot be found within this District pursuant to Rule B, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B attaching all of Energy Transportation International Limited's, Essar Shipping Limited's, and Essar Shipping and Logistics Limited's tangible or intangible property or any other funds held by any Garnishee which are due and owing to Defendants Energy Transportation International Limited, Essar Shipping Limited, and/or Essar

Shipping and Logistics Limited up to the amount of at least **USD 10,586,346.63**[1] to secure DS-Rendite's claim, and that all persons claiming any interest in the same be cited to appear and, pursuant to Rule B, answer the matters alleged in the Verified Complaint;

C. That since it appears that the U.S. Marshal's Service lacks sufficient staff to effect service of process of Maritime Attachment and Garnishment promptly or economically, and that since appointing a person over 18 years of age and who is not a party to this action will result in substantial economies in time and expense, such a person be appointed pursuant to Fed.R.Civ.P. 4(c) to serve process of Maritime Attachment and Garnishment in this action;

D. That this Court retain jurisdiction over this matter through the entry of a judgment or award associated with the pending claims including appeals thereof; and

E. That Plaintiff may have such other, further relief as may be just and proper.

Dated: August 18, 2015.

/s/ *J. Stephen Simms*
J. Stephen Simms
(*pro hac vice* application to be filed)
Marios J. Monopolis
(*pro hac vice* application to be filed)
Simms Showers LLP
201 International Circle, Suite 250
Hunt Valley, Maryland 21030
Telephone:   410-783-5795
Facsimile:    410-510-1789
jssimms@simmsshowers.com
mjmonopolis@simmsshowers.com

Attorneys for DS-Rendite Fonds Nr. 108 VLCC Ashna GmbH & Co Tankschiff KG

---

[1] This amount is comprised of the principal amount due (USD 10,045,141.00), plus the interest accrued to date (USD 386,537.00), plus thirty (30) days' of accruing principal and interest (USD 1,581.91 + USD 1,073.71 = USD 2,655.62 x 30 days = USD 79,668.60), plus costs (USD 75,000).

5

## VERIFICATION AND AFFIDVAIT OF J. STEPHEN SIMMS
## PURSUANT TO SUPPELEMENTAL RULE B

I am an attorney for Plaintiff DS-Rendite in connection with the referenced matter. I have read the foregoing Verified Complaint and know the contents thereof, and that the same are true to the best of my knowledge, information and belief, based on documentation and information provided to me by Plaintiff. The reason that I make this verification instead of Plaintiff is that Plaintiff does not have an officer or director within this District.

I have personally inquired into the presence in the Southern District of Texas of Defendants Energy Transportation International Limited, Essar Shipping Limited, and Essar Shipping and Logistics Limited, and I have determined from the office of the Secretary of State of Texas that the Defendants are not incorporated pursuant to the laws of the State of Texas or registered to conduct business within the State of Texas, and have not nominated agents for service of process within the State of Texas.

I have inquired of AT&T Directory Assistance for area codes within the Southern District of Texas and have been advised that the Defendants do not have a telephone listing in these area codes. To the best of my information and belief, based upon this investigation, the Defendants cannot be found within the Southern District of Texas for purposes of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 18, 2015.

/s/ *J. Stephen Simms*